[Crim. No. 10874. First Dist., Div. Two. Mar. 23, 1973.]

THE PEOPLE, Plaintiff and Appellant, v.
SHIRLEY ANN GARNETT, Defendant and Respondent.

**COUNSEL**

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, Robert R. Granucci and Thomas A. Brady, Deputy Attorneys General, for Plaintiff and Appellant.

James C. Hooley, Public Defender, and Richard L. Howard, Assistant Public Defender, for Defendant and Respondent.

**OPINION**

**THE COURT.**—Respondent was charged by information with one count of forgery in violation of section 470 of the Penal Code, one count of possession of a restricted dangerous drug in violation of section 11910 of the Health and Safety Code, and one count of possession of marijuana in violation of section 11530 of the Health and Safety Code. The information also charged that before the commission of the offenses described therein the respondent had been convicted in the Superior Court of Alameda County of possession of dangerous drugs, and in the Municipal Court for the Berkeley-Albany Judicial District on a misdemeanor charge of possession of marijuana. The record reflects that the parties stipulated the prior misdemeanor conviction in the municipal court for possession of marijuana was initially charged by the prosecution as a misdemeanor.

Respondent moved to strike from the information the prior conviction which occurred in the municipal court, and that motion was granted on the ground that the offense was charged in the first instance as a misdemeanor and therefore was never a felony offense. The People have appealed from the order granting the motion.

The significance of the prior convictions relates to the counts charging violations of sections 11910 and 11530 of the Health and Safety Code, and the impact thereon of prior convictions of "felony offenses" or offenses "punishable as felonies." As used in sections 11910 and 11530, "felony offense" and offense "punishable as a felony" refer to an offense for which the law prescribes imprisonment in the state prison as either an alternative or the sole penalty, regardless of the sentence received. (Health & Saf. Code, § § 11914, 11533.)

The charged prior conviction in the municipal court was for possession of marijuana, an offense proscribed by section 11530 of the Health and Safety Code which provides that the first offense shall be punished by imprisonment in the county jail for a period of not more than one year or the state prison for a period of not less than one year or more than 10 years. ■ The People contend that the conviction in the municipal court was thus for an offense for which the law prescribes imprisonment in the state prison as an alternative penalty and was properly charged as a prior conviction for the purpose of increasing the punishment upon a conviction of the section 11530 offense charged in the information. We disagree.

A district attorney is charged with the duty of conducting criminal prosecutions, but he has substantial discretion in making a determination whether or not to commence a criminal prosecution in a given case. (See *Wilson* v. *Sharp* (1954) 42 Cal.2d 675, 678-679 [268 P.2d 1062]; *Board of Supervisors* v. *Simpson* (1951) 36 Cal.2d 671, 676 [227 P.2d 14].) Until a district attorney elects to proceed with a criminal prosecution, files a complaint or obtains an indictment, and then obtains a conviction, an alleged offense is not punishable in any manner. Thus it is only after a conviction that a judge can exercise whatever discretion is given to him by statute concerning the punishment to be imposed. Statutes which purport to give a court certain discretion in determining the punishment for a specific crime must be read with the foregoing in mind. Section 17 of the Penal Code provides in part that when a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, the prosecuting attorney may file, in a court having

jurisdiction over misdemeanor offenses, a complaint specifying that the offense is a misdemeanor.

In view of the stipulation that the municipal court conviction was initially charged as a misdemeanor, it is apparent that such a procedure was followed in this case. Thus from the moment the complaint was filed the offense was a misdemeanor, and the municipal court was powerless to impose a prison sentence. (Pen. Code, § 17, subd. (a).) The alternative of a prison sentence having been removed, the crime charged was not a "felony offense" or an offense "punishable as a felony." Insofar as this prior is concerned, the appellant *has not been convicted of* an "offense for which the law prescribes imprisonment in the state prison as either an alternative or the sole penalty." Under the prescription of the law, the municipal court could not impose a prison sentence.

The order is affirmed.

Appellant's petition for a hearing by the Supreme Court was denied May 16, 1973.