[Crim. No. 7098. Third Dist. June 24, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
KENT DANA RYSER, Defendant and Appellant.

## COUNSEL

Robert Trombley, Public Defender, and Theodore Johanson, Deputy Public Defender, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Arnold Overoye, Deputy Attorney General, and Daniel J. Higgins, District Attorney, for Plaintiff and Respondent.

## OPINION

**GOOD, J.**\*—At the age of 18, on July 1, 1971, defendant, a minor under California laws then in force, was apprehended at Lake Tahoe. He was in his car with another youth and two girls. He was in possession of a plastic baggie containing six grams of marijuana. He was charged with a misdemeanor under the option granted to district attorneys in Penal Code section 17, subdivision (b)(4), to file misdemeanor charges in a justice or municipal court when an offense is punishable either by a county jail (misdemeanor) or state prison (felony) sentence. Section 11530 of the Health and Safety Code provided such alternate sentences. He entered a plea of guilty in the Justice Court of Tahoe Judicial District and was granted probation for one year with a 30-day jail sentence suspended. After successfully serving the probationary period, he petitioned the court to terminate probation pursuant to Penal Code section 1203.3 and to set aside the conviction and dismiss the case as provided in section 1203.4 of said code. These petitions were granted.

He also petitioned to seal the records of the offense under section 1203.45 of said code. At that time, said section provided that any person who was under the age of 21 years when he committed a misdemeanor and had fulfilled the conditions of probation and was eligible for or had been granted a dismissal pursuant to section 1203.4 could secure an order sealing the record of conviction and other official records concerning said offense. It provided that "[t]hereafter such conviction, arrest, or other proceeding [was] deemed not to have occurred" and a defendant could give a negative answer to any question concerning their occurrence. Subdivision (c) thereof provided: "This section shall not apply to offenses for which registration is required under Section 290,[1] to violations of Division 10 (commencing with Section 11000) of the Health and Safety Code, or to misdemeanor violations of the Vehicle Code relating to the operation of a vehicle or of any local ordinance relating to operation, standing, stopping, or parking of a motor vehicle." The justice court denied defendant's petition to seal the records because possession of marijuana was a crime defined in division 10 of the Health and Safety Code, being then section 11530 thereof.

Defendant appealed to the Superior Court of Placer County upon an

---

\*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

[1] Penal Code section 290 requires registration with the chief of police of a city or the sheriff of the county of residence by persons who have been convicted of any of the sexual crimes named therein.

agreed statement and a stipulation of the grounds of appeal. These were that Penal Code section 1203.45 was violative of both federal and state Constitutions because, insofar as it excluded him from the right to have his records sealed, it denied him both due process and equal protection guarantees, invaded rights of privacy and subjected him to a cruel and unusual punishment. The superior court affirmed the justice court's order but recommended that counsel consider certification of the appeal to this court as necessary to settle an important question of law. The matter was certified to us upon the issues above stated.

## I

With the exception of the .equal protection challenge, defendant's contentions may be disposed of with brief comment. The claim that his exclusion from the sealing privilege constitutes cruel and unusual punishment was not briefed and can be deemed waived. (*Case* v. *City of Los Angeles* (1963) 218 Cal.App.2d 36, 42 [32 Cal.Rptr. 271].) However, as below explained, section 1203.45 is remedial in nature and does not prescribe punishment for any offense. The constitutional limitation against cruel and unusual punishment is relevant only to an attack on the sanctions set forth in former section 11530 (now § 11357) of the Health and Safety Code.[2]

■ As to the claimed invasion of rights of privacy, the perpetrator of a public offense may not characterize the public consequences of arrest and conviction as an invasion of a *constitutionally* protected right of privacy. *Griswold* v. *Connecticut* (1965) 381 U.S. 479 [14 L.Ed.2d 510, 85 S.Ct. 1678] defines a constitutionally protected right of privacy in certain relationships that fall within the "penumbra" of freedoms guaranteed by the Bill of Rights. But we do not conceive that, upon the record of this case, the relationship between an accused and society is within that penumbra. Defendant cites post-*Griswold* decisions re penumbral rights of privacy but none is here relevant. The equal protection challenge is the central issue of this appeal.

---

[2]*In re Jones* (1973) 35 Cal.App.3d 531 [110 Cal.Rptr. 765], held that the five years to life sentence where two priors existed was not a cruel or unusual punishment. *In re Foss* (1974) 10 Cal.3d 910, 917 [112 Cal.Rptr. 649, 519 P.2d 1073], specifically upheld the enhanced penalty provisions of Health and Safety Code section 11501 (now § 11352), proscribing sales of heroin, as not constituting cruel or unusual punishment although it struck down provisions that precluded parole consideration until minimum terms specified for second and third repeat offenders. The enhanced punishment sections for possession of marijuana, Health and Safety Code section 11357, except for length of terms, are identical in scheme and language to the heroin statute involved in *Foss*.

## II

■ Before deciding whether or not a statute violates the equal protection clauses of the federal and state Constitutions, a court must determine the proper standard for reviewing any classifications which the statute creates. (*D'Amico* v. *Board of Medical Examiners* (1974) 11 Cal.3d 1, 16-17 [112 Cal.Rptr. 786, 520 P.2d 10]; *Sail'er Inn, Inc.* v. *Kirby* (1971) 5 Cal.3d 1,16-17 [95 Cal.Rptr. 329, 485 P.2d 529, 46 A.L.R.3d 351]; *In re Antazo* (1970) 3 Cal.3d 100, 110 [89 Cal.Rptr. 255, 473 P.2d 999].) When a classification is based upon a "suspect" category (race, creed, sex, wealth, etc.) or touches upon a "fundamental interest," it is subject to "strict scrutiny" and "active and critical analysis" by the court. The state then "bears the burden of establishing not only that it has a *compelling* interest which justifies the law but that the distinctions drawn by the law are *necessary* to further its purpose." (*Westbrook* v. *Mihaly* (1970) 2 Cal. 3d 765, 785 [87 Cal.Rptr. 839, 471 P.2d 487].) (Original italics.) In the absence of a suspect category or fundamental interest, the standard is one of judicial restraint wherein a presumption of constitutionality exists. It is then merely required that the distinctions drawn bear "some rational relationship to a conceivable legitimate state purpose." (*Id.* at p. 784.)

■ Defendant argues that Penal Code section 1203.45 violates his right to equal protection of the law because it singles out the misdemeanant possessor of marijuana to deny him the same sealing privilege that is granted to other misdemeanant offenders whose crimes may include elements of violence or property damage and loss. Thus, he says, the exclusion places him, a casual or social possessor of marijuana, in the same category of the predatory and felonious seller, dealer and addict user of any narcotic. This, he asserts, is an invidious discrimination. He concedes that it is reasonable to deny the sealing privilege to these "hard core" offenders because of police requirements to identify drug suppliers and addicts. He concedes that recidivism rates for sex offenders justify the preservation of the records for immediate availability to police agencies when a sex offense occurs in the area of their residences. He also concedes that the procedures to suspend or revoke driver's licenses found in the Vehicle Code justify the exclusion of traffic offenders from the sealing privilege. But, he argues, no similar or other compelling reason exists and no legitimate governmental purpose is served by the exclusionary classification made in said section 1203.45.

■ The Attorney General contends that said section 1203.45 was part of the comprehensive reexamination and revision of laws controlling narcotics enacted in 1961 by the California Legislature. He argues that "the

decision of the punishment which is to be imposed against an offender in the light of the desirability of suppressing particular types of crimes must be made by the Legislature." *(People* v. *Quilon* (1966) 245 Cal.App.2d 624, 629 [54 Cal.Rptr. 294].) We have no quarrel with the principles enunciated in *Quilon* and recognize them as controlling in any consideration of the sanctions set forth in former section 11530 of the Health and Safety Code. But they do not apply to section 1203.45 of the Penal Code.

Section 1203.45 was obviously enacted to achieve the salutary purpose of ameliorating the harsh and life-long social economic handicaps that accrue to persons under 21 who are convicted of a single misdemeanor offense—an act most frequently reflecting immature judgment or youthful irresponsibility rather than a criminal bent or disposition. These disadvantages are undebatable and well documented.[3] As one comment puts it, the effective sealing of criminal records is a "matter of conscience, not merely of convenience." (Kogan & Loughery, Jr., *Sealing and Expungement of Criminal Records—The Big Lie,* 61 J. Crim. L.C. & P.S. 378.) The ends of social justice sought to be achieved by section 1203.45 place it in a totally different category of legislation than the penal provisions of the narcotics and controlled substance crimes defined in division 10 of the Health and Safety Code. It is remedial rather than penal in nature. Further, some 1,800 chapters of the 1961 statutes separate the two enactments. The 1961 Health and Safety Code amendments are in chapter 274 and Penal Code section 1203.45 in chapter 2054 of said statutes. We find nothing in the legislative history that supports the contention that the latter statute was an integral part of legislative action to solve the grave social problems of drug abuse.

 Defendant's exclusion from the sealing privilege effectively shackles him to a lifetime in the rogue's gallery. When on school, employment, credit or other applications he is queried as to any arrest or conviction of crime, he must respond affirmatively, and undergo the embarrassment of

---

[3]A representative bibliography of comment on this subject is collected in *T. N. G.* v. *Superior Court* (1971) 4 Cal.3d 767, 776-779 [94 Cal.Rptr. 813, 484 P.2d 981], and need not be reproduced here. A closely related problem that is receiving increasing attention in the media is the accumulation of "intelligence" and "security" information in computerized data banks maintained by governmental and private entrepreneurs. (See *White* v. *State of California* (1971) 17 Cal.App.3d 621, 631 [95 Cal. Rptr. 175] (dissent); Packard, The Naked Society (1964); Brenton, The Privacy Invaders (1964); Westin, Privacy and Freedom (1967); Karst, *"The Files": Legal Control Over the Accuracy and Acceptability of Stored Personal Data,* 31 L. Contemp. Prob. 342; Comment, *Preventative Intelligence Systems and the Courts,* 58 Cal.L.Rev. 914.) The one-time adult offender and his family may suffer the same handicaps with even greater social and economic impact.

explanation and possible rejection thereof.[4] By any judicially declared criteria, such exclusion involves a fundamental interest. (See *Myer* v. *Nebraska* (1923) 262 U.S. 390 [67 L.Ed. 1042, 43 S.Ct. 625, 29 A.L.R. 1446]; *Bixby* v. *Pierno* (1971) 4 Cal.3d 130 [93 Cal.Rptr. 234, 481 P.2d 242].)

At the time of enacting the sealing statute, the 1961 Legislature had previously eliminated the alternative county jail sentence that had been authorized in 1959 (then Health & Saf. Code, § 11500, Stats. 1959, ch. 1112.) From 1961 until 1968, possession of marijuana was punishable only as a felony. During this period such offenders were excluded from the sealing privilege because all felony offenders were excluded. The classification of which defendant herein complains was brought into existence by the 1968 amendment to Health and Safety Code section 11530 that restored the alternative jail sentence and the misdemeanor offense of possession. Thus, offenders, under 21 years of age, sentenced to the county jail became a class of misdemeanant offenders who were excluded from the privilege granted to other misdemeanants. If equal protection guaranties are to be viable, a challenge must be resolved in the context of the circumstancs existing at the time it is made. Whatever standard of judicial review may have obtained prior to 1968, it is clear that, at present, because of the discrimination brought about by this change and the fundamental interests affected by defendant's exclusion from the privilege, the section is subject to the strict scrutiny[5] demanded by *Westbrook* v. *Mihaly, supra,* 2 Cal.3d 765.

---

[4]It is true that Penal Code section 1203.4 purportedly releases an offender from "all penalties and disabilities" resulting from his conviction after successful fulfillment of probation. But this promise is of little substance. (See, *People* v. *Sharman* (1971) 17 Cal.App.3d 550, 552 [95 Cal.Rptr. 134]; Notes and Comments, *The Effect of Expungement on a Criminal Conviction,* 40 So.Cal.L.Rev. 127.)

[5]In view of the social justice aspects of the sealing problem, we note with concern that since 1972, scrutiny of the practical application of section 1203.45 demands a microscope. In 1972 the Legislature drastically curtailed its application. In line with the 1971 legislation redefining ages of minority and majority (Civ. Code, § 25.1) that became effective March 4, 1972, section 1203.45 of the Penal Code was amended so that only those who are under 18 at the time of the commission of a misdemeanor may petition for the sealing of the records. But juvenile law requires that all persons under 18 charged with the commission of any crime must be certified to juvenile court and a remand for criminal prosecution can be made only if the juvenile court finds that the minor is not a fit subject for juvenile court processes. (Welf. & Inst. Code, §§ 602, 603, 604.) Such remands are rare exceptions in juvenile court. A thorny problem may now exist as to those few defendants who are under 18 but remanded to criminal courts for trial. The sealing statute in Juvenile Court Law (Welf. & Inst. Code, § 781) contains no exceptions as to the nature of the offense or the number of arrests whose records may be sealed. That problem is not before us

## III

■ We have reached the conclusion that when a conviction for possession of marijuana, although the misdemeanor alternate sentence is imposed, serves to trigger the enhanced penalty provisions of section 11357 and other sections of the Health and Safety Code in the event of subsequent narcotic or controlled substance offenses, the existence of such penalties shields section 1203.45 from an equal protection challenge when they are applicable. The enforcement of sanctions prescribed in criminal statutes is a compelling government interest of great importance. *In re Lynch* (1972) 8 Cal.3d 410, 414 [105 Cal.Rptr. 217, 503 P.2d 921], states: "[I]n our tripartite system of government it is the function of the legislative branch to define crimes and prescribe punishments, and that such questions are in the first instance for the judgment of the Legislature alone."

■ The resolution of defendant's challenge therefore depends upon whether or not the record of his misdemeanor conviction would activate the enhanced penalties provided in various sections of division 10 of the Health and Safety Code if defendant is subsequently convicted of an offense thereunder. We are dealing with penal statutes that, although not subject to strict construction (Pen. Code, § 4), must be applied according to the clear import of the language used (*Holder* v. *Superior Court* (1969) 269 Cal.App.2d 314, 317 [74 Cal.Rptr. 853]), and in which a defendant "must be given the benefit of every reasonable doubt as to whether" it is applicable to him. (*In re Zerbe* (1965) 60 Cal.2d 666, 668 [36 Cal. Rptr. 286, 388 P.2d 182, 10 A.L.R.3d 840].)

After the 1968 amendments of Health and Safety Code section 11530, the existence of the alternate misdemeanor penalty authorized the filing of complaints charging a violation of section 11530 (a div. 10 offense) in a justice or municipal court as a misdemeanor. This was done in the case at hand. From the moment the charge was so filed, the justice court was powerless to impose a prison sentence. Under the explicit provisions of Penal Code section 17, the charge become *a misdemeanor for all purposes.* "The alternative of a prison sentence having been removed, the crime

because defendant was not under 18 at the time of his offense and exclusive (initial) jurisdiction did not vest in the juvenile court. In the amelioration of the handicaps arising from a single conviction we fail to see that forum (juvenile or criminal court) should have decisive impact. It is also doubtful that at the witching hour the 1971 legislation became effective, youths between 18 and 21 suddenly grew in wisdom, knowledge, sobriety and social responsibility to an extent that demanded the withdrawal of the sealing privilege effected by the 1972 amendment to section 1203.45. The whole problem of sealing an arrest record merits reexamination by the Legislature.

charged was not a 'felony offense' or an offense 'punishable as a felony' [quoted phrases from Health & Saf. Code, § 11533]." (*People* v. *Garnett* (1973) 31 Cal.App.3d 255, 258 [107 Cal.Rptr. 197].) It follows that the denial of the sealing privilege to misdemeanants in defendant's circumstances does not serve the purpose of enforcing the penal sections of the Health and Safety Code.

The interests or purposes urged by the Attorney General to justify the classification that has existed since 1968 were: (a) the preservation of the record for the purpose of any future probation report if defendant is again before a criminal court; and (b) its possible impact upon any future consideration of defendant's eligibility for diversion from the prison system for treatment at one of the California Rehabilitation Center programs if defendant is charged with a drug associated offense in the future. As to probation, a single misdemeanor possession of marijuana offense followed by over one year of good conduct and an absence of any other criminal record should have no decisive effect upon a recommendation in a future probation report. It should certainly be of less moment than those misdemeanors involving violence, bodily injury or property loss as to which the sealing privilege is extended. Similarly, these circumstances could have but remote bearing upon the determination of addiction in any future diversion process. Neither consideration furnishes a legitimate purpose or compelling state interest to justify the discrimination that now adheres in the division 10 exception of section 1203.45 where such offense is processed as a misdemeanor and may not be treated as a "felony offense" or an offense "punishable as a felony" for the purposes of Health and Safety Code section 11533 or its successor section 11362 of said code. To that extent only and in such circumstances we hold section 1203.45 unconstitutional.

The judgment (order) is reversed and the superior court is ordered to grant the petition to seal defendant's record.

Friedman, Acting P. J., and Regan, J., concurred.