[Crim. Nos. 18317, 18396. In Bank. June 13, 1975.]

## In re ALBERT B. DEMILLO on Habeas Corpus.

COUNSEL

Arthur Brunwasser for Petitioner.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, W. Eric Collins and Sanford Svetcov, Deputy Attorneys General, for Respondent.

OPINION

**RICHARDSON, J.**—On November 15, 1973, petitioner Albert B. Demillo entered a plea of guilty to an information charging him with a violation of Penal Code section 288. On December 6, 1973, judgment was entered; petitioner was sentenced to state prison but execution of that sentence was suspended and three years probation imposed on condition that he serve one year in county jail and seek psychiatric care under the direction of the probation department.

In two separate petitions, Demillo seeks habeas corpus relief from this judgment. In one of his petitions (Crim. 18396), he raised the following questions: (1) Is the possibility of deportation such a "direct consequence" of pleading guilty, that the trial court should be required to admonish a defendant of the possibility prior to acceptance of his guilty plea? (Cf. *Boykin* v. *Alabama* (1969) 395 U.S. 238, 242 [23 L.Ed.2d 274, 279, 89 S.Ct. 1709]; *People* v. *Superior Court (Giron)* (1974) 11 Cal.3d 793, 797 [114 Cal.Rptr. 596, 523 P.2d 636]; *In re Tahl* (1969) 1 Cal.3d 122, 132 [81 Cal.Rptr. 577, 460 P.2d 449].) (2) Did the trial court abuse its discretion in refusing to allow petitioner to withdraw his guilty plea upon a showing that he had not in fact been aware of the possibility of deportation? (See *People* v. *Superior Court (Giron), supra,* 11 Cal.3d at p. 797, fn. 5.) (3) Was petitioner denied adequate assistance of counsel by reason of the failure of his court-appointed attorney to discover that petitioner is an alien and to inform him that a guilty plea would likely result in his being deported?

In his other petition (Crim. 18317), petitioner asserts that the conviction is invalid in that the acts upon which it is based occurred sometime prior to September 29, 1968, the information was not filed until October 29, 1973, and therefore the applicable statute of limitations

(Pen. Code, § 800) barred the action. Alternatively, petitioner argues that he was denied effective assistance of counsel by his court-appointed attorney's failure to raise the statute of limitations defense in the superior court.

We issued orders in both matters directing the probation officer to show cause why the requested relief should not be granted, and further ordered that they be consolidated. We have concluded that resolution of the statute of limitations issue is dispositive, and that petitioner's conviction must be vacated on that ground. Therefore, it is unnecessary to consider the other questions presented by the petitions.

█ It has long been established that the statute of limitations is jurisdictional in nature, and that "[t]he point may therefore be raised at any time, before or after judgment." (*People* v. *McGee* (1934) 1 Cal.2d 611, 613 [36 P.2d 378].) █ The defense is thus cognizable on habeas corpus, and is not waived by a failure to assert it below. (*In re Davis* (1936) 13 Cal.App.2d 109, 111 [56 P.2d 302].)

Penal Code section 800 requires that an information charging a violation of a felony (with exceptions not applicable here) be filed within three years after the commission of the offense. When filed, "[a]n accusatory pleading must allege facts showing that the prosecution is not barred by the statute of limitations [citations], and if a period of time in excess of that permitted by the statute has elapsed since the commission of the offense, further facts must be alleged to show absence of the defendant from the state for a sufficient period to toll the statute under Penal Code section 802. [Citations.]" (*People* v. *Crosby* (1962) 58 Cal.2d 713, 724-725 [25 Cal.Rptr. 847, 375 P.2d 839].) Penal Code section 802 provides that no time during which the defendant is absent from the state ". . . is a part of any limitation of the time for commencing a criminal action." The burden of proof is on the People to show that the offense was committed within the time provided in section 800, or that the exception contained in section 802 is applicable; a failure to do so will result in a vacation of the judgment. (*Crosby,* at p. 725.)

In *McGee, Crosby* and *Davis* the fact that the statute of limitations had expired was apparent from the face of the accusatory pleading. (See also *Sobiek* v. *Superior Court* (1972) 28 Cal.App.3d 846, 848 [106 Cal.Rptr. 516]; *People* v. *Rose* (1972) 28 Cal.App.3d 415, 417 [104 Cal.Rptr. 702].) Here, in contrast, the information is silent as to the date of the alleged offense. However, the record reveals that the complaint, filed on October

4, 1968, alleges that the acts took place between July 3, 1968, and September 29, 1968. Furthermore, at the preliminary hearing, the People's chief witness testified that the acts complained of were committed in September 1968. Finally, respondent has conceded in its return to the order to show cause that the offense occurred at that time.

Given the foregoing facts of record, petitioner's right to relief is not affected by the fact that violation of section 800 does not appear on the face of the information. ■ On the contrary, the failure of the information to allege any date at all itself seems fatal to the validity of the conviction since "[a]n accusatory pleading must allege facts showing that the prosecution is not barred by the statute of limitations . . ." (*People* v. *Crosby, supra,* 58 Cal.2d at p. 724), and an information which is silent as to the date of the offense is inadequate in this regard.

■ The information in the instant case was filed over two years subsequent to the expiration of the period of limitations. There being no allegation of facts in the information, which, if supported by competent evidence, would excuse this delay by showing the defendant's absence from the state for that amount of time (Pen. Code, § 802), the trial court lacked jurisdiction in the matter. Therefore, the conviction must be vacated. (*People* v. *McGee, supra,* 1 Cal.2d 611, 613; *People* .v. *Crosby, supra,* 58 Cal.2d 713, 722; *People* v. *Rose, supra,* 28 Cal.App.3d 415, 417.)

In its return filed in these proceedings, respondent for the first time attempts to establish that petitioner was in fact absent from the state and that prosecution accordingly was not barred by section 800. However, no effort has been made to remedy the defects in the information, and "[i]n harmony with the McGee case, it may be said that if the statute of limitations is tolled by the absence of the defendant from the state as provided by section 802 of the Penal Code it becomes necessary to allege that fact in the information to constitute a good cause of action." (*In re Davis, supra,* 13 Cal.App.2d at p. 111.) The principal focus of our inquiry in this proceeding is on the content of the information (see *In re McGee* (1938) 29 Cal.App.2d 648, 650 [85 P.2d 135]), and that document is clearly insufficient to support petitioner's conviction.

There is some support for the proposition that if a criminal defendant fails to raise the statute of limitations defense at trial, the People should be permitted to cure the defect in collateral proceedings by offering new evidence on the issue of defendant's absence from the state. (Note, *Criminal Law: Effect of Failure of Accused to Raise the Issue of the*

*Statute of Limitations* (1935) 23 Cal.L.Rev. at pp. 525-527.) ▮ In the usual instance the inquiry on habeas corpus is limited to the face of the record, but in exceptional circumstances we may look to all proceedings below and even consider additional evidence outside the record. (*In re Carmen* (1957) 48 Cal.2d 851, 854 [313 P.2d 817].) ▮ However, while we have the power to consider new evidence in habeas corpus proceedings, either in support of or against petitioner's imprisonment (*In re McVickers* (1946) 29 Cal.2d 264, 274, 280 [176 P.2d 40]), this is not an appropriate case in which to exercise our discretion in that regard. To allow respondent to present evidence for the first time on the tolling issue at this stage would require us to make factual determinations regarding petitioner's whereabouts between 1968 and 1973. ▮ It is elementary that our function is primarily that of "a reviewing court, not designed to conduct evidentiary hearings." (*In re Hochberg* (1970) 2 Cal.3d 870, 873 [87 Cal.Rptr. 681, 471 P.2d 1].)

The writ is granted. The judgment is vacated, and petitioner is discharged from the restraints thereof.

Wright, C. J., McComb, J., Tobriner, J., Mosk, J., Sullivan, J., and Clark, J., concurred.