[Civ. No. 43481. First Dist., Div. One. Mar. 29, 1979.]

MARK STEVEN KEENER et al., Plaintiffs and Respondents, v.
THE MUNICIPAL COURT FOR THE
FREMONT-NEWARK-UNION CITY JUDICIAL DISTRICT OF
ALAMEDA COUNTY, Defendant and Respondent;
THE PEOPLE, Real Party in Interest and Appellant.

COUNSEL

Evelle J. Younger and George Deukmejian, Attorneys General, Jack R. Winkler and Robert H. Philibosian, Chief Assistant Attorneys General, Edward P. O'Brien, Assistant Attorney General, W. Eric Collins, Robert G. Granucci and Richard G. Tullis, Deputy Attorneys General, for Real Party in Interest and Appellant.

Paul N. Halvonik, State Public Defender, under appointment by the Court of Appeal, Clifton R. Jeffers, Chief Assistant State Public Defender, Michael G. Millman and Robert P. Mason, Deputy State Public Defenders, James C. Hooley, Public Defender, Jay B. Gaskill, Assistant Public Defender, Frederick R. Remer and Bonjour, Gough, Stone & Remer for Plaintiffs and Respondents.

No appearance for Defendant and Respondent.

OPINION

NEWSOM, J.—This case presents the issue—apparently one of first impression in California—whether an alternative felony-misdemeanor, when reduced to misdemeanor status more than a year after the date of the alleged crime, is barred by the one-year misdemeanor statute of limitations.

The incident in question occurred on February 6, 1975, and led to the filing of a Penal Code section 243 charge (battery upon a police officer), (a so-called "wobbler") on March 18, 1976, beyond the one-year misdemeanor, but well within the three-year felony statute of limitations.

On April 21, 1977, after a preliminary examination, the court reduced the charge to a misdemeanor pursuant to Penal Code section 17, subdivision (b)(5), and on September 1, 1977, respondents' motion to dismiss was denied in the municipal court. Thereafter, on October 25, 1977, the superior court granted a peremptory writ of prohibition ordering the municipal court to refrain permanently from any further proceedings with the case. The People, real party in interest (hereinafter appellant), filed timely notice of appeal.

■ The single question before us is whether under these circumstances the applicable statute of limitations is found in Penal Code section 800 or in Penal Code section 801. Its resolution requires a consideration of the legislative background of Penal Code section 17.

Prior to the enactment of section 17, subdivision (b)(5), section 17 permitted the trial court to determine whether designated offenses would be punished as felonies or misdemeanors only *after* conviction. In permitting prejudgment reduction, the Legislature had in view, as was said in a leading case on the subject, ". . . the unburdening of the superior courts from cases that were likely to result in no more than misdemeanor penalties, the consequent more expeditious handling of such cases, the encouragement of guilty pleas by defendants who could know in advance that no penalty could be imposed more severe than a jail sentence or a fine, and the consequent saving of time to municipal courts by the elimination of some preliminary hearings." (*Henry* v. *Department of Motor Vehicles* (1972) 25 Cal.App.3d 649, 653 [102 Cal.Rptr. 36]; *People* v. *Ayala* (1973) 34 Cal.App.3d 360, 365 [109 Cal.Rptr. 193]; see also *Esteybar* v. *Municipal Court* (1971) 5 Cal.3d 119, 126, fn. 3 [95 Cal.Rptr. 524, 485 P.2d 1140].)

Arguing in favor of applying the three-year statute, appellant's reliance on the early case of *Doble* v. *Superior Court* (1925) 197 Cal. 556 [241 P. 852], seems misplaced. There, the charge against petitioners was one punishable alternatively as a felony or misdemeanor only *after* judgment. In their application for a writ of prohibition petitioners' argued, inter alia, that it would be futile to proceed to trial because, if the court decided to impose a misdemeanor punishment, the one-year statute would prospectively render such judgment void. The Supreme Court rejected this argument, saying: "A fair construction of section 17, in order to give effect to every part thereof, requires us to hold, and we do so hold, that in prosecutions within the contemplation of that section, the charge stands as a felony for every purpose up to judgment, and if the judgment be

felonious in that event it is a felony after as well as before judgment; but if the judgment is for a misdemeanor it is deemed a misdemeanor for all purposes thereafter—the judgment not to have a retroactive effect so far as the statute of limitations is concerned." (Pp. 576-577.)

But the distinction between the facts in *Doble, supra,* and those before us is manifest and crucial: there the offenses retained their identity as felonies until judgment was pronounced, whereas here, *prior* to a trial judgment, a magistrate has declared the acts to be misdemeanors.

Appreciating this distinction, appellant nevertheless argues that, in enacting section 17, subdivision (b)(5), the Legislature was presumably aware the Supreme Court in *Doble* had determined that a posttrial misdemeanor reduction under section 17 was not retroactive, and they find anomalous the conclusion that the Legislature intended to make the one-year limitation retroactive as to pretrial and not posttrial reductions.

We find no such anomaly in the distinction. Section 17, subdivision (b)(5) provides: ". . . (b) When a crime is punishable, in the discretion of the court, by imprisonment in the state prision or by fine or imprisonment in the county jail, it is a misdemeanor *for all purposes under* the following circumstances: . . . [¶] (5) When, at or before the preliminary examination or prior to filing an order pursuant to Section 872, the magistrate determines that the offense is a misdemeanor, in which event *the case shall proceed* as if the defendant had been arraigned on a misdemeanor complaint." (Italics added.)

It is true, as appellant observes, that the prosecution of a felony reduced under this section to a misdemeanor proceeds on the same complaint, in the sense that no new charging document need be filed (cf. *Larson* v. *Municipal Court* (1974) 41 Cal.App.3d 360, 365 [116 Cal.Rptr. 1]); but in every other respect it proceeds *as if* the defendant had been arraigned on a misdemeanor complaint. Earlier cases have so concluded.

Thus, in *Chivers* v. *Municipal Court* (1976) 59 Cal.App.3d 929 [131 Cal.Rptr. 221], the section 17, subdivision (b)(5), reduction to a misdemeanor was made after a preliminary examination during which defendant sought to suppress certain evidence pursuant to Penal Code section 1538.5. The motion was granted in part and denied in part. After the reduction, defendant moved for suppression pursuant to section 1538.5 as to the remaining evidence, but the motion was denied on the grounds that defendant had raised the same issue before the charge was reduced at the

preliminary examination. On appeal, it was held that since the matter was now a misdemeanor, defendant was entitled to a new suppression hearing, because, as the court stated in *Chivers, supra,* 59 Cal.App.3d at page 933: "It is clear that when the felony offenses were reduced to misdemeanors, pursuant to section 17, subdivision (b)(5), they became misdemeanors for *all purposes (People* v. *Pruett* (1975) 51 Cal.App.3d 329, 331 . . . ; *People* v. *Ryser* (1974) 40 Cal.App.3d 1, 9 . . .), and subject not only to the provisions of section 1538.5, subdivision (g) relating to a special hearing on a motion to suppress, but also to other special provisions relating to misdemeanor cases, i.e., continuance in order to prepare for a special hearing (§ 1538.5, subd. (*l*)), appeal to the superior court from the denial of the motion (§ 1538.5, subd. (j)), and bail or release on own recognizance in the event of an appeal from the denial of such a motion (§ 1538.5, subd. (*l*))."

Earlier cases decided before adoption of section 17, subdivision (b)(5), have taken the same sweeping view of the effect of reduction. Thus, in *People* v. *Picetti* (1899) 124 Cal. 361 [57 P. 156], a felony was charged and a misdemeanor conviction was returned. The Supreme Court found the conviction barred by the one-year statute of limitations of Penal Code section 801. The court there stated: "Giving a liberal construction to this provision of the code, we have arrived at the conclusion that the defendant should not have been convicted of the crime of petit larceny. To our surprise, we have been unable to find any provision of the law prescribing a limitation for the prosecution of ordinary or simple misdemeanors. But the provision quoted above does declare in effect that all misdemeanors prosecuted by indictment or information are barred by the statute of limitations in one year. This defendant has been prosecuted by information and has been convicted of a misdemeanor. He has, therefore, been prosecuted for a misdemeanor, by information, and the one-year statute would seem to apply. By a strict construction of this provision of the code it might be held that it was only applied to those specific cases where the information or indictment upon its face charged a misdemeanor. But a more liberal construction would make the statute apply to all those cases where, under the indictment or information, the defendant may be, and is, convicted of a misdemeanor. Such construction should maintain, especially in view of the fact that otherwise, in every case where a defendant is prosecuted for felony and convicted of misdemeanor, there would be no statute of limitations which could be invoked. These conditions as to such convictions arise every day, and we conclude that the one-year statute of limitations should be held to apply to those cases." (124 Cal. at p. 362.)

This analogy seems persuasive and we are unable to find in the cases any indication that a "reduced" misdemeanor should be treated differently from a crime charged as a misdemeanor *ab initio.* (Cf. *People* v. *Angelo* (1938) 24 Cal.App.2d 626 [75 P.2d 614]; *People* v. *Meyers* (1918) 39 Cal.App. 244 [178 P. 965].)

It is urged by appellant that our conclusion will result in unfairness to prosecutors who have mistakenly but honestly relied on a three-year limitation period for alternative felony-misdemeanors. We disagree. Prosecutors will henceforth be on notice that reducible felonies must be charged within one year of commission or be subject to dismissal in the rather rare instance where an order of reduction is made more than a year after charges were filed.

Affirmed.

Racanelli, P. J., and Elkington, J., concurred.

A petition for a rehearing was denied April 19, 1979, and appellant's petition for a hearing by the Supreme Court was denied May 24, 1979. Clark, J., and Manuel, J., were of the opinion that the petition should be granted.