[No. A039352. First Dist., Div. Five. Sept. 30, 1987.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Respondent;
JOSEPH MILNE ONGLEY, Real Party in Interest.

166

COUNSEL

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Martin S. Kaye and Landra E. Rosenthal, Deputy Attorneys General, for Petitioner.

No appearance for Respondent.

Linda Lee DeMetrick, James Farragher Campbell and Campbell & DeMetrick for Real Party in Interest.

## OPINION

HANING, J.—The People petition for a writ of mandate to compel respondent superior court to set aside its writ of prohibition restraining the municipal court from further prosecuting real party Ongley for unauthorized practice of medicine. (Bus. & Prof. Code, § 2053.) The charged offense, an alternative felony/misdemeanor (in trade jargon, a "wobbler"), was first charged as a felony then reduced to a misdemeanor. (Pen. Code, § 17, subd. (b)(5).) The superior court issued its writ on the theory that the prosecution was time-barred under the one-year misdemeanor statute of limitations. (Pen. Code, § 802, subd. (a).)

Petitioner argues the Legislature intended that the three-year limitations period for felonies (Pen. Code, § 801) should control all "wobbler" prosecutions, regardless of whether the offense is in fact reduced to a misdemeanor. We agree with petitioner and issue the writ of mandate.

Petitioner charged the instant offense in a felony complaint filed more than one but less than three years after the alleged violation of the statute. Prior to the preliminary hearing, the People moved to reduce the felony to a misdemeanor under Penal Code section 17, subdivision (b)(5), which provides that a "wobbler" may be treated as "a misdemeanor for all purposes" when "at or before the preliminary examination . . . the magistrate determines that the offense is a misdemeanor, in which event the case shall proceed as if the defendant had been arraigned on a misdemeanor complaint."

The magistrate granted the motion to reduce the charge to a misdemeanor. Real party then moved to dismiss the complaint, arguing that the reduction required the complaint to be treated "for all purposes" as a misdemeanor pleading, and thus was governed by the one-year period of limitations as held by Division One of this court in *Keener* v. *Municipal Court* (1979) 91 Cal.App.3d 213 [154 Cal.Rptr. 107]. Petitioner responded that *Keener* had been effectively overruled by the Legislature in former Penal Code section 801, subdivision (b), and the current superseding provision, section 805, subdivision (a), which petitioner contended applied the felony three-year limitations period to "wobblers" without regard to reduction.

The municipal court agreed with petitioner and denied the motion to dismiss. Real party petitioned the superior court for a writ of prohibition to restrain further prosecution. The superior court granted the writ, effectively preventing petitioner from maintaining its prosecution of real party. ▪ ▪ ▪ ▪ Petitioner seeks review from this court under the auspices of Code of Civil Procedure section 904.1, subdivision (a)(4), which

provides for discretionary appellate review of superior court writs directed to inferior courts.[1]

■■■ Petitioner renews its argument that *Keener* has been legislatively overruled and the felony limitations period controls. This contention has merit. The *Keener* case, decided before the Penal Code's statutes of limitation were amended, concluded that section 17, subdivision (b)'s phrase "for all purposes" required that a reduced felony be considered a misdemeanor *ab initio* and controlled by the misdemeanor statute of limitations. (91 Cal.App.3d at pp. 215-218.) The year following *Keener,* the Legislature enacted former Penal Code section 801, subdivision (b). (Stats. 1980, ch. 1093, § 1.) The new statute, an apparent response to *Keener*'s holding, provided that for an "offense . . . that may be tried as a misdemeanor, pursuant to paragraphs (4) and (5) of subdivision (b) of Section 17, respectively, a complaint shall be filed within the time specified in [former] Section 800 [the three-year felony period] for such offense." Former section 801, subdivision (b) clearly provided that the felony period always apply to "wobbler" complaints, regardless of any reduction to misdemeanor after the filing of the complaint.

In 1984, the Legislature repealed the chapter of the Penal Code dealing with statutes of limitations (ch. 2, tit. 3, pt. 2, § 799 et seq.) and replaced it with the current provisions. (Stats. 1984, ch. 1270, §§ 1, 2.) Current section 805 provides that "For the purpose of determining the applicable limitation

[1] Real party disputes petitioner's right of writ review, citing the line of cases which strictly limit the People's right of writ review when they have no statutory right of appeal. (See *People* v. *Superior Court (Howard)* (1968) 69 Cal.2d 491 [72 Cal.Rptr. 330, 446 P.2d 138]; *People* v. *Municipal Court (Kong)* (1981) 122 Cal.App.3d 176, 181 [175 Cal.Rptr. 861].) "To permit the People to resort to an extraordinary writ to review where there is no right to appeal would be to give the People the very appeal which the Legislature has denied to them. [Citation.]" (*People* v. *Superior Court (Howard)*, supra, 69 Cal.2d at p. 499; see *People* v. *Superior Court (Edmonds)* (1971) 4 Cal.3d 605, 608 [94 Cal.Rptr. 250, 483 P.2d 1202].) The People may obtain writ review of nonappealable orders only under rather narrow circumstances. (*Ibid.;* see *People* v. *Municipal Court (Kong)*, *supra,* 122 Cal.App.3d at pp. 181-183.)

This line of authority is based on the premise that courts should not expand the People's right of appellate review when the Legislature has not seen fit to do so. Logically, if the *Howard/Edmonds* rule applies when the Legislature has not authorized the People to seek appellate review by the device of appeal, the rule should not apply to delimit appellate review when the Legislature has expressly authorized the People to employ the device of extraordinary writ. Code of Civil Procedure section 904.1, subdivision (a)(4), provides that "an appellate court may, in its discretion, review a judgment [of a superior court] granting or denying a petition for issuance of a writ of mandamus or prohibition[,] upon petition for an extraordinary writ." The statute, on its face, is applicable to all petitions from any party to a superior court writ proceeding. Had the Legislature intended no review by the People, it would have clearly so provided; knowing that the *Kong* court had so employed the statute, the Legislature did not preclude the People's right of writ review when it amended the statute in 1983 to read in its present form.

Real party's remaining procedural objections to the petition are without merit.

of time pursuant to this chapter: [¶] (a) An offense is deemed punishable by the maximum punishment prescribed by statute for the offense, regardless of the punishment actually sought or imposed." The Law Revision Commission comment accompanying the 1984 amendment recites that section 805, subdivision (a) "continues the substance of former Section 801(b) (an offense for which a misdemeanor complaint may be filed or that may be tried as a misdemeanor pursuant to Section 17(b)(4)-(5) is subject to the felony statute of limitation)." (West's Ann. Pen. Code, § 805, p. 213.)

The Legislature clearly intends that the felony statute of limitations apply to crimes defined as "wobblers," without regard to reduction to misdemeanor after the filing of the complaint. Real party has presented no persuasive argument to the contrary. He contends there is an impermissible conflict between section 17, subdivision (b)'s phrase "for all purposes" and the provisions of section 805, subdivision (a). ■ The Legislature, however, is within its power to qualify general statutory language by a more specific provision.

■ Since the charged offense is subject to the felony statute of limitations, the complaint is not time-barred and the superior court should not have issued the writ of prohibition. We reach this conclusion after full briefing by the parties and after appropriate notice that we might proceed by issuing a peremptory writ in the first instance. (*Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-180 [203 Cal.Rptr. 626, 681 P.2d 893].)

Accordingly, let a peremptory writ of mandate issue directing respondent superior court to vacate its "Judgment Granting Writ of Prohibition" entered May 22, 1987, and to enter in its place and stead a new and different order denying real party's petition for extraordinary writ.

Low, P. J., and King, J., concurred.

A petition for a rehearing was denied October 13, 1987, and the petition of real party in interest for review by the Supreme Court was denied January 6, 1988.