[No. G011740. Fourth Dist., Div. Three. Jan. 27, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
PETER SABATINO OGNIBENE, Defendant and Appellant.

COUNSEL

Gerald M. Werksman for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Pat Zaharopoulos and Garrett Beaumont, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

MOORE, J.—Peter Sabatino Ognibene appeals his conviction for nine counts of grand theft. He contends his due process rights were violated when the trial court refused an instruction on a time-barred lesser related offense even though he was willing to waive the statute of limitations. We affirm.

Ognibene was charged with nine counts of grand theft for taking funds from nine automobile agencies. He bought cars from individuals, reduced the mileage shown on the odometers, and sold the cars to used car dealers. At the end of his defense, Ognibene requested a jury instruction on the lesser related offense of odometer tampering, a misdemeanor on which the statute of limitations had run. He offered to waive the statute of limitations. The trial court concluded it was precluded from giving the lesser related offense instruction because it was time-barred and the statute of limitations could not be waived. The jury returned verdicts of guilty on all nine felony counts.

We face two distinct issues in this case. The first is whether a criminal defendant has the right to waive the statute of limitations so he can be convicted of a lesser offense than that charged. The second is, assuming the statute of limitations cannot be waived, whether the defendant nonetheless has a right to have the jury instructed on the lesser related offense, even though conviction of the lesser offense would effectively result in an acquittal. We answer both queries in the negative.

## I. WAIVER OF THE STATUTE OF LIMITATIONS

■ It has been well established that the statute of limitations is jurisdictional in criminal cases and the court's jurisdiction "cannot be conferred by the mere act of a litigant, whether it amounts to consent, waiver, or estoppel . . . . [Citations.]" (*People* v. *Chadd* (1981) 28 Cal.3d 739, 757 [170 Cal.Rptr. 798, 621 P.2d 837]; see also *People* v. *Morris* (1988) 46 Cal.3d 1, 13, fn. 4 [249 Cal.Rptr. 119, 756 P.2d 843]; *In re Demillo* (1975) 14 Cal.3d 598, 601 [121 Cal.Rptr. 725, 535 P.2d 1181]; *People* v. *McGee* (1934) 1 Cal.2d 611, 613-614 [36 P.2d 378].) Although some jurisdictions allow a defendant to waive the statute of limitations (see *People* v. *Zamora* (1976) 18 Cal.3d 538, 547, fn. 6 [134 Cal.Rptr. 784, 557 P.2d 75] [citing examples from other jurisdictions]), stare decisis compels us to find that a California defendant cannot waive the statute of limitations for any purpose.

Defendant relies on *Spaziano* v. *Florida* (1984) 468 U.S. 447 [82 L.Ed.2d 340, 104 S.Ct. 3154], where the United States Supreme Court held that due process considerations demand in capital cases that a defendant be allowed to waive the statute of limitations on lesser included, noncapital offenses so that the jury may be instructed on those offenses. However, *Spaziano* specifically limits itself to capital cases (*id.* at p. 456 [82 L.Ed.2d at pp. 349-350]) and cannot be read to impose a similar requirement on noncapital cases.

Therefore, the trial court correctly ruled that Ognibene could not waive the statute of limitations on the misdemeanor of tampering with an odometer.

## II. Right to Instruction on Time-barred Lesser Related Offense

In *People* v. *Geiger* (1984) 35 Cal.3d 510 [199 Cal.Rptr. 45, 674 P.2d 1303], our Supreme Court held that a trial court must grant a defendant's request for jury instructions on lesser related offenses in certain situations. The right to lesser related offense instructions exists "to enable the jury to determine fairly the issues presented by the evidence and in so doing to avoid any incentive to convict the defendant of a greater offense than that which he committed." (*Id.* at p. 531.) The instruction must be given when: (1) There exists "some basis, other than an unexplainable rejection of prosecution evidence, on which the jury could find the offense to be less than that charged"; (2) the offense is "closely related to that charged and shown by the evidence"; and (3) the instruction is "justified by the defendant's reliance on a theory of defense that would be consistent with a conviction for the related offense." (*Ibid.*) We must consider whether a request for an instruction on a lesser related offense is properly denied when the offense is time-barred.

In *People* v. *Vallerga* (1977) 67 Cal.App.3d 847 [136 Cal.Rptr. 429], the Court of Appeal ruled that the trial court did not violate its sua sponte duty to instruct on a lesser included offense which was barred by the statute of limitations because the defendant could not be convicted of the lesser offense. (*Id.* at pp. 878-883.) Subsequently, our Supreme Court held that even though a defendant is constitutionally entitled to instructions on lesser included offenses, a trial court is not required to give sua sponte instructions on a time-barred lesser included offense because the defendant cannot be convicted of such an offense. (*People* v. *Diedrich* (1982) 31 Cal.3d 263, 283 [182 Cal.Rptr. 354, 643 P.2d 971].)

Although instructive, *Vallerga* and *Diedrich* obviously differ from the case before us in that they address whether a sua sponte duty exists to instruct on a time-barred, lesser *included* offense. Here, the issue is whether a court that is *requested* to do so must instruct, pursuant to *Geiger*, on a lesser *related* offense which is time-barred.

*People* v. *Brice* (1988) 206 Cal.App.3d 111 [253 Cal.Rptr. 370] is the only case to deal with this precise issue. In *Brice,* the defendant was charged with murder and conspiracy to commit murder. Upon his request the trial court instructed the jury on the lesser related offense of accessory. The defendant was acquitted on the murder and conspiracy charges but convicted of accessory. On appeal, he contended his accessory conviction should be reversed because it was time-barred. The court agreed, rejecting the People's argument that defendant had waived the statute of limitations by requesting

the instruction. *Brice* concluded that because the statute of limitations in criminal cases is jurisdictional, it cannot be waived. (*Id.* at p. 114.) It also rejected the contention that instructions on time-barred lesser related offenses are required by due process considerations. "Where the limitations period has expired as to a lesser crime the trial court properly declines to instruct the jury as to such offense." (*Id.* at p. 115.)

While *People* v. *Diedrich, supra,* 31 Cal.3d at pages 283-284, held that a trial court need not give sua sponte instructions on time-barred offenses, its logic is no less compelling when such instructions are requested. "We see no reason for a contrary rule where the requested instruction relates to a lesser related offense within the meaning of *Geiger* rather than a necessarily included crime." (*People* v. *Brice, supra,* 206 Cal.App.3d at p. 115.) "[The case law] does not require that the jury be tricked into believing that it has a choice of crimes for which to find the defendant guilty, if in reality there is no choice. Such a rule not only would undermine the public's confidence in the criminal justice system, but it also would do a serious disservice to the goal of rationality on which [the case law] is based." (*Spaziano* v. *Florida, supra,* 468 U.S. at p. 456 [82 L.Ed.2d at pp. 349-350].)

We acknowledge there is tension between *Spaziano,* which focuses on the deleterious effects of a rule requiring instructions on time-barred, lesser included offenses, and *Geiger,* which recognizes a defendant's right to instructions on lesser related offenses in certain circumstances. Nevertheless, we find the logic of *Spaziano* compelling. Any other result would amount to a triumph of form over substance and would seriously undermine the credibility of our criminal justice system. Imagine the reaction of a citizen-juror who, after finding a defendant guilty of a lesser related misdemeanor, was informed that the jury's guilty verdict was a nullity and effectively resulted in a complete acquittal. Such sleight of hand cannot be tolerated in a system which strives for openness and honesty.

Accordingly, while the concerns which *Geiger* sought to address remain valid, they must not be viewed in a vacuum. *Geiger* was promulgated in the context of viable lesser related offenses which could result in valid criminal convictions. But when those lesser offenses are time-barred, they are mere phantoms and ought not be imposed upon an unsuspecting jury.[1]

Sills, P. J., concurred.

---

[1]By letter, defendant calls our attention to *People* v. *Superior Court (Ongley)* (1987) 195 Cal.App.3d 165 [240 Cal.Rptr. 487], which held that a "wobbler" (an alternate felony-misdemeanor) filed as a misdemeanor was not time-barred when filed more than a year after the commission of the offense because wobblers, no matter how filed, enjoy the three-year statute of limitations applicable to most felonies. (*Id.* at p. 169; see also Pen. Code, § 805, subd. (a).) But, here the proposed lesser related offense of odometer tampering was not a

**WALLIN, J.**—Reluctantly, I concur in the majority opinion. I agree with the majority's conclusion that a criminal defendant cannot waive the statute of limitations on a criminal offense. (*People* v. *Chadd* (1981) 28 Cal.3d 739, 757 [170 Cal.Rptr. 798, 621 P.2d 837].) Furthermore, California and United States Supreme Court authorities support the majority's conclusion that a trial court need not instruct the jury on a lesser offense which is time-barred. (*Spaziano* v. *Florida* (1984) 468 U.S. 447, 456 [82 L.Ed.2d 340, 349-350, 104 S.Ct. 3154]; *People* v. *Diedrich* (1982) 31 Cal.3d 263, 283 [182 Cal.Rptr. 354, 643 P.2d 971].) Nonetheless, I write separately to express my dissatisfaction with this result.

As stated by Justice Brauer in his concurring opinion in *People* v. *Brice* (1988) 206 Cal.App.3d 111 [253 Cal.Rptr. 370], to the extent *Diedrich* prohibits instructions on time-barred offenses, it invidiously discriminates "against a defendant who is in an 'all or nothing' position because the lesser included or lesser related offenses, otherwise available to him, are time-barred." (*People* v. *Brice, supra,* 206 Cal.App.3d at p. 117.)

*People* v. *Geiger* (1984) 35 Cal.3d 510 [199 Cal.Rptr. 45, 674 P.2d 1303] establishes that a court must grant a defendant's request for an instruction on a lesser related offense if there is evidence which would support a conviction of that offense. (*Id.* at p. 531.) The purpose of this requirement is to avoid the risk that a jury, convinced that the defendant's conduct was unlawful but not convinced beyond a reasonable doubt that all the elements of the greater offense are present, convicts simply because its only choice is conviction or acquittal. The state has no legitimate interest in obtaining a conviction of a greater offense than that established by the evidence. (*Ibid.*; see also *People* v. *St. Martin* (1970) 1 Cal.3d 524, 533 [83 Cal.Rptr. 166, 463 P.2d 390].) I see no reason why this concern is obliterated when the lesser offense is time-barred.

The request that a jury be instructed on a time-barred lesser offense is analogous to a request for a pinpoint instruction. It is well established that upon request a defendant is entitled to an instruction which directs the jury's attention to evidence from which a reasonable doubt of his guilt could be engendered. (*People* v. *Sears* (1970) 2 Cal.3d 180, 190 [84 Cal.Rptr. 711, 465 P.2d 847]; see also *People* v. *Rincon-Pineda* (1975) 14 Cal.3d 864, 885 [123 Cal.Rptr. 119, 538 P.2d 247]; *People* v. *Adrian* (1982) 135 Cal.App.3d 335, 339 [185 Cal.Rptr. 506].) A defendant's request for an instruction on a lesser related offense, time-barred or not, is like a request for an instruction

---

wobbler but a straight misdemeanor. (Veh. Code, § 28051.) As such, it was subject to the general one-year statute of limitations applicable to misdemeanors (Pen. Code, § 802, subd. (a)), and clearly would have been time-barred.

that relates the particular facts of the case to the law. It is an instruction which tells the jury if the facts fit the lesser crime, then there may be a reasonable doubt as to whether the greater crime has been committed. Had the trial court given the instruction Ognibene requested on tampering with an odometer it would have, in essence, been telling the jury that if it concluded Ognibene was guilty of tampering with an odometer, it might have a reasonable doubt on the greater offense of theft by false pretenses.

The jury was instructed that to find Ognibene guilty of theft by false pretenses it had to find he (1) had the intent to defraud; (2) knowingly made false representations regarding certain facts; and (3) induced the victim to part with something of value. Ognibene's defense was there was no reliance and he did not intend to defraud. It was apparent to the jury that Ognibene had tampered with the cars' odometers, itself a criminal act. If the jury had a reasonable doubt as to intent it should have acquitted even in the face of his obviously wrongful conduct. But the risk that the jury would convict on the greater offense in the face of admittedly wrongful conduct rather than acquit a wrongdoer, is precisely the reason for the rule requiring instructions on lesser offenses. It makes no sense to discriminate against this defendant because the offense is time-barred.

Ognibene had a right to have the jury determine all material issues presented by the facts. Here, that included the right to have the jury determine that his crime was no greater than tampering with an odometer. If that were the jury's decision, he would have been entitled to an acquittal.

The majority echoes the concern articulated in *Spaziano, supra,* 468 U.S. 447, regarding the impact on the credibility of the judicial system if a defendant was allowed an instruction on a time-barred offense, for which he or she could not be convicted. While I share that concern, the problem is created by the prosecution's failure to commence prosecution on the time-barred offense before the expiration of the statute of limitations, not by any conduct of the defendant. I am more concerned about the potential for a defendant being convicted of a crime greater than that shown by the evidence because the crime which he or she committed is time-barred.

Appellant's petition for review by the Supreme Court was denied May 27, 1993.