123 Cal.Rptr.2d 340 (2002)
100 Cal.App.4th Supp. 1
The PEOPLE, Plaintiff and Appellant,
v.
Roberto SILLAS, Defendant and Respondent.
No. BR 41430.
Appellate Division, Superior Court, Los Angeles County.
May 29, 2002.
Michael P. Judge, Public Defender of Los Angeles County, Albert J. Menaster, Jean Costanza, and Jack T. Weedin, Deputy Public Defenders, for defendant and respondent.
Rockard J. Delgadillo, Los Angeles City Attorney, Debbie Lew, Assistant City Attorney, by Candice I. Horikawa, Deputy City Attorney, for plaintiff and appellant.

OPINION AND JUDGMENT
BEVERLY, P.J.
The order of the court dismissing the action is reversed.

*341 STATEMENT OF THE CASE
Plaintiff and appellant, the People of the State of California, appeal from the trial court's order dismissing the complaint filed against respondent Roberto Sillas for violations of Penal Code section 273.5, subdivision (a) (inflicting corporal injury on a spouse, two counts), Penal Code section 136.1, subdivision (b) (dissuading a witness), and Penal Code section 591 (causing injury to a phone line).
Respondent was alleged to have committed the actions described in the complaint on September 8 and 9, 1999. The complaint was filed on October 18, 2000, more than one year but less than three years later. Respondent filed a motion to dismiss based on a one-year statute of limitations for misdemeanors. The trial court granted the motion.

ARGUMENT
Appellant contends that the applicable statute of limitations for the charged offenses is controlled by Penal Code section 805, subdivision (a), which provides for a period of three years, not one year, and that the complaint was timely filed.
Respondent asserts that the applicable code section is Penal Code section 17, subdivision (b)(4), which deems that a "wobbler" filed as a misdemeanor is a misdemeanor for all purposes.

DISCUSSION
A felony is an offense punishable by death or imprisonment in state prison. (Pen.Code, § 17.)[1] With certain exceptions not applicable in this case, a felony prosecution must be commenced within three years of the commission of the offense. (§ 801.) A misdemeanor is punishable by imprisonment for not more than one year in a city or county facility. (§ 19.2.) Prosecution of a misdemeanor, subject to exceptions not relevant here, must be commenced within one year after the commission of the offense. (§ 802.)
Section 273.5, subdivision (a) provides as punishment "imprisonment in the state prison for two, three, or four years, or in a county jail for not more than one year, or by a fine of up to six thousand dollars ($6,000) or by both that fine and imprisonment."
A conviction for a violation of section 136.1, subdivision (b) is punishable by "imprisonment in a county jail for not more than one year or in the state prison...."
The penalty for a violation of section 591 is "imprisonment in the state prison, or by a fine not exceeding five hundred dollars ($500), or imprisonment in the county jail not exceeding one year."
All of the violations with which respondent was charged can be either felonies or misdemeanors (commonly known as wobblers).
Section 805 provides in relevant part: "For the purpose of determining the applicable limitation of time pursuant to this chapter: [¶] An offense is deemed punishable by the maximum punishment prescribed by statute for the offense, regardless of the punishment actually sought or imposed...."
This issue was settled in People v. Superior Court (Ongley) (1987) 195 Cal.App.3d 165, 240 Cal.Rptr. 487. In that case, the defendant was charged with the unauthorized practice of medicine, a wobbler, as a felony. (Id. at p. 167, 240 Cal.Rptr. 487.) On motion of the prosecution, the charge was reduced to a misdemeanor. (Ibid.) The defendant then made a motion to dismiss based on the one-year statute of limitations *342 for misdemeanors, arguing that pursuant to section 17, subdivision (b)(5), the charged offense was a misdemeanor for all purposes. (195 Cal.App.3d at p. 167, 240 Cal.Rptr. 487.) When the trial court denied the motion, the defendant sought and obtained a writ from the superior court prohibiting prosecution. (Ibid.) The Court of Appeal granted the People a writ of mandate directing the superior court to vacate the writ of prohibition. (Id. at p. 169, 240 Cal.Rptr. 487.)
The court determined that section 805, subdivision (a) controlled the applicable statute of limitations, rather than section 17, subdivision (b)(5). "The Legislature clearly intends that the felony statute of limitations apply to crimes defined as "wobblers,' without regard to reduction to misdemeanor after the filing of the complaint. Real party has presented no persuasive argument to the contrary. He contends there is an impermissible conflict between section 17, subdivision (b)'s phrase `for all purposes' and the provisions of section 805, subdivision (a). The Legislature, however, is within its power to qualify general statutory language by a more specific provision." (People v. Superior Court (Ongley), supra, 195 Cal.App.3d at p. 169, 240 Cal. Rptr. 487.)
Respondent argues that the instant case is distinguishable because the charges were originally filed as misdemeanors, not as felonies later reduced to misdemeanors. However, section 805, subdivision (a) does not distinguish between the original filing and a later reduction. The language in People v. Superior Court (Ongley), supra, 195 Cal.App.3d 165, 240 Cal.Rptr. 487, makes no such distinction, and its reasoning applies equally to whether the charging determination is made under section 17, subdivision (b)(4) or (5).
People v. Stanfill (1999) 76 Cal.App.4th 1137, 90 Cal.Rptr.2d 885 does not assist respondent. In that case, the defendant was charged with a felony, but convicted of a lesser included misdemeanor. The court determined that the defendant was not convicted of a wobbler, and that the statute of limitations was determined by section 805, subdivision (b). (76 Cal.App.4th at pp. 1144-1145, 90 Cal.Rptr.2d 885.) Nothing in Stanfill addressed whether section 17, subdivision (b) or section 805, subdivision (a) applies when a wobbler is filed as a misdemeanor.

CONCLUSION
For purposes of determining the statute of limitations for a wobbler, section 805, subdivision (a) controls, not section 17, subdivision (b). The applicable statute of limitations for the offenses charged in the instant case is three years. The complaint was not time barred.
The order of the court dismissing the action is reversed.
We concur: KRIEGLER and P. McKAY, JJ.
NOTES
[1] Unless otherwise indicated, all statutory references are to the Penal Code.